SCHWARTZ, Chief Judge.
Steinman sued to foreclose a second mortgage on the Sils’s property. They raised defenses, among others, of usury and non-compliance with the Truth in Lending Act. Prior to the trial, the lower court ordered the defendants to pay into the registry the amounts due on the first mortgage—which was not involved in the lawsuit but which the plaintiff had apparently been paying. When the defendants, in violation of the order, did not make the payments, a default was entered against them. The order of default and the consequent final judgment of foreclosure are reversed because, as the court said in Law v. NCNB National Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984), there is utterly “no legal justification in this case to require the mortgagor to make mortgage payments into the registry of the court pendente lite.” 452 So.2d at 1120. Indeed, since Law involved a requirement for the payment of the mortgage actually in issue, it presents an a fortiori situation to this case, which does not.
Reversed.